**ORIGINAL**

## In the United States Court of Federal Claims
No. 15-1142C
(Filed: April 20, 2016)

**FILED**
APR 2 0 2016
U.S. COURT OF
FEDERAL CLAIMS

*************************
\*
**DONALD G. JONES,** \*
\*
Plaintiff, \*
\*
v. \*
\*
**THE UNITED STATES,** \*
\*
Defendant. \*
\*
*************************

---

### ORDER OF DISMISSAL

---

**WILLIAMS**, Judge.

    This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

    Plaintiff pro se Donald Jones seeks a $540,000,000 award as a relator in a qui tam action pursuant to Section 3730(d) of the False Claims Act. On July 31, 2011, Plaintiff filed a qui tam action in the United States District Court for the District of Columbia against "7 Major Banks and several smaller ones" to "enforce provisions of repayment of taxpayer funds under the Troubled Assets Recovery Program [("TARP")]." Compl. 5. The District Court dismissed this qui tam action because a relator may not proceed pro se in a qui tam action, and because Plaintiff failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Def.'s Mot. to Dismiss 2.

    Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to the Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

    The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v.

Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction, and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The False Claims Act, 31 U.S.C. §§ 3729 et. seq., imposes civil penalties and treble damages on those who have knowingly submitted false or fraudulent claims to the Government, and allows private individuals, known as relators, to bring a qui tam action on behalf of the Government when the relator possesses information that a false or fraudulent claim has been submitted. Capelouto v. United States, 99 Fed. Cl. 682, 690 (2011). An individual "may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government." 31 U.S.C. § 3730(b) (2012).

However, jurisdiction over qui tam actions, including awards to relators, lies exclusively in the district courts. See id. at § 3732(a) ("Any action under section 3730 may be brought in any judicial district in which the defendant . . . [is] found, resides, [or] transacts business . . . ."); see also LeBlanc v. United States, 50 F.3d 1025, 1031 (Fed. Cir. 1995) (finding that qui tam suits "may only be heard in the district courts"); Schweitzer v. United States, 82 Fed. Cl. 592, 595-96 (2008).

Therefore, claims for the recovery of an award to a relator pursuant to § 3730 of the False Claims Act may only be heard in the district courts, despite being claims for money damages against the Government, which normally fall within the jurisdictional purview of this Court. Meschkow v. United States, 109 Fed. Cl. 637, 645 (2013); Giles v. United States, 72 Fed. Cl. 335, 336-37 (2006); see generally 28 U.S.C. § 1491(a) (2012).

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action for lack of jurisdiction.

*Mary Ellen Coster Williams*
MARY ELLEN COSTER WILLIAMS
Judge